IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANET B. FLOTT,                          :

    Plaintiff,                          :
vs.                                                      CA 04-0534-P-C
                                                  :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 18; *see also* Doc. 19 (brief in support of motion for EAJA fees)) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $2,187.50 under the EAJA for legal services rendered by her attorney in this Court.

## FINDINGS OF FACT

1.    On May 2, 2005, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to

sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 17; *see also* Doc. 16)

      2.     The motion for attorney's fees under the EAJA was filed on August 1, 2005 (Doc. 18), some ninety-one (91) days after entry of final judgment (*compare id. with* Doc. 17). In the brief filed in support of the motion for EAJA fees, plaintiff requests attorney's fees in the amount of $2,731.23 to compensate her attorney for the time spent representing her before this Court as of the date of the filing of the fee application. (*See* Doc. 18, at 5)

      3.     The Commissioner of Social Security filed a response to plaintiff's EAJA fee application on August 15, 2005 and therein states that while she does not dispute the issues of prevailing party status or timeliness of the petition and does not object to the number of hours claimed, she "does object to the requested hourly rate" of $156.07. (Doc. 21)

      4.     Plaintiff filed a response to defendant's response on August 16, 2005 (Doc. 22) and concomitant therewith a request for a hearing on her fee request (Doc. 23). The motion for a hearing is **DENIED**.[1]

---

[1] In support of her request for a hearing, Ms. McPhillips, avers, in part, that "[t]he appropriate vehicle for proving fees (or the prevailing market rate) is through testimony given by other attorneys." (Doc. 23, at ¶ 2) Presumably, if a hearing was held by the undersigned, plaintiff's counsel would offer the testimony of attorneys such as Paul Brown, Esquire, who provided an affidavit in

## CONCLUSIONS OF LAW

1.  The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  It is imminently clear in this case that plaintiff is a prevailing party under the EAJA[2] and that the position of the United States in this case was not substantially justified, the defendant having conceded as much.

2.  The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).  The thirty-day clock did not begin to run in this case until this

---

support of plaintiff's motion for EAJA fees (Doc. 19, Attachment B), in order to establish that the prevailing market rate is in fact higher than $125.00.  This, of course, despite Judge Pittman's recent refusal to make an adjustment in the rate to account for changes in the cost of living.  *See* n.3, *infra.* Even setting aside Judge Pittman's recent opinion, the undersigned is not inclined to hold a hearing in this case. This is because the anticipated testimony of Paul Brown, and possibly others, who do not practice social security law before this Court simply cannot outweigh the patent acceptance and acknowledgment by the majority of social security attorneys practicing before this Court, whose skills, experience, and reputation are comparable to plaintiff's counsel, that $125.00 per hour is the prevailing EAJA market rate in the Southern District of Alabama in social security cases.

[2]  "[A] party who wins a sentence-four remand order is a prevailing party."  *Shalala v.Schaefer*, 509 U.S. 292, 302, 113 S.Ct.2625, 2632, 125 L.Ed.2d 239 (1993).

Court's reversal and remand order of May 2, 2005 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, July 1, 2005.  The application filed in this case, bearing a date of August 1, 2005, was technically filed one day after the time limit expired on July 31, 2005; however, it is nonetheless timely since July 31, 2005 fell on a Sunday and the plaintiff filed the motion the following business day.

       3.      The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of

5

others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

    4. In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

    5. Because the defendant interposes no objection whatsoever to the hours claimed by petitioner to have been spent on legal tasks, the undersigned recommends that the Court find that plaintiff's counsel reasonably spent 17.5 hours on legal tasks in this case.

    6. With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

7. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

8. The prevailing market rate in the Southern District of Alabama has been raised to $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. Because the market rate is not greater than the statutory rate of $125.00 per hour, (*see* Doc. 34, *Steele v. Barnhart*, CA 03-0088-P-C ("Although plaintiff

7

contends that the evidence shows that the prevailing market rate for attorneys in Mobile exceeds $125.00 per hour, this court finds that plaintiff has presented no evidence specifically regarding hourly billing rates for the sole practitioner under EAJA in Social Security cases, in this District.")), the Court need not reach the second step set out in the *Meyer* case (*see* Doc. 31, *Waller v. Barnhart*, CA 01-0253-BH-L, Report & Recommendation, at 4 & 5 ("Plaintiff has presented no evidence regarding [] fee awards in excess of the statutory rate for the Southern District of Alabama and the prevailing market rate for Social Security cases in this District has been set at $125.00 per hour. . . . The undersigned has no authority to legislate a new statutory cap and can only exceed the cap if plaintiff's counsel establishes that the market rate is above $125.00 and that an increase in the cost of living or other special factors justifies raising the rate above $125.00. . . . Because plaintiff has not established that the prevailing market rate for this District ($125.00) should be increased beyond the statutory rate of $125.00 per hour, this court need not reach the second step of the Meyer analysis.")).[3]

---

[3] In rejecting the argument for an increase in the hourly rate (now to $156.07), the undersigned also notes with favor Senior United States Virgil Pittman's relatively recent order adopting the undersigned's report and recommendation regarding EAJA attorney's fees requested in *Burrows v. Barnhart, supra*, at doc. 39.

It is a cost of living increase that plaintiff is seeking . . . . However, "while the statute

8

9. In consideration of the foregoing, the plaintiff is due to be awarded an attorney's fee in the amount of $2,187.50 under the EAJA for the 17.5 hours her attorney spent performing work traditionally performed by

---

clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it . . . such a decision is within the discretion of the district court." Baker, 839 F.2d at 1084 (emphasis in original).

Herein, the district court cases plaintiff presents are distinguishable from the case *sub judice*. In Smith, the requested fee calculated at $135.00 per hour was not challenged by defendant; herein, defendant challenges the reasonableness of plaintiff's request for the $150.93 hourly rate. In Jones, the hourly rate was adjusted upward from $125.00 to $139.69, overall an 11% increase, in Usher, the rate increase from $125.00 to $138.33 represents a 10% increase, and in Dewberry, the rate increase from $125.00 to $133.63 represents a 6.5% increase.

Herein, plaintiff's requested fee increase from $125.00 to $150.93 per hour amounts to an increase of 17%. This court finds the requested increase unreasonable.

Further, this court notes that in a similar prior case, on March 22, 2004, the plaintiff requested a fee for counsel of record, Ms. McPhillips, calculated at $147.96 per hour. This court determined *de novo* that the fee was to be calculated at this court's prevailing rate, at $125.00 per hour. Steele v. Barnhart, C.A. 03-0088-P-C (S.D. Ala. (Dec. 23, 2003)).

Herein, just 3½ months later, on July 2, 2004, plaintiff filed the subject Motion For Attorney['s] Fees requesting that counsel of record, Ms. McPhillips, be awarded a fee calculated at $150.93 per hour, an inexplicable 2% increase in just 3½ months for similar services. Plaintiff's objection is OVERRULED.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (doc. 37), is hereby ADOPTED as the opinion of this court.

(*Id*. at 2-3)

attorneys in social security cases.[4]

## **CONCLUSION**

The Magistrate Judge recommends that plaintiff be awarded reasonable attorney's fees in the amount of $2,187.50 under the Equal Access to Justice Act, representing compensation for 17.5 hours of service by Rose A. McPhillips, Esquire, at the market rate of $125.00 an hour.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 18th day of August, 2005.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[4]     The Court **REJECTS** the request of plaintiff's counsel that "any sum approved **be ordered to be paid to the attorney for the Plaintiff, Rose A. McPhillips**[.]" (Doc. 18, ¶ 6 (emphasis in original)) Plaintiff is the prevailing party in this case and, under the explicit terms of the statute, the award of fees and other expenses is to be made to the prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A). In absence of precedent or regulatory authority establishing that this Court may pay attorney's fees directly to plaintiff's counsel, the undersigned recommends that the Court continue to follow statutory provisions and order only that fees be awarded to the prevailing party.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                        s/WILLIAM E. CASSADY
                                                        UNITED STATES MAGISTRATE JUDGE