IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANET B. FLOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0534-P-C |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER MODIFYING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b)(1)(B) and dated August 18, 2005 (doc.24), is hereby ADOPTED as the opinion of this court.

The Magistrate Judge, in addressing the Motion For Attorney's Fees Pursuant to the Equal Access to Justice Act filed by plaintiff's counsel Rose A. McPhillips (doc.18), recommends that the court reject counsel's request for a fee calculated at the hourly rate of $156.07, and award counsel a fee based on the prevailing market rate of $125.00 per hour (doc.24). The Magistrate Judge also recommends that the court reject counsel's request that any sum awarded be paid directly to counsel rather than to plaintiff, the prevailing party. Id., p.10, n.4. The Magistrate Judge denied counsel's request for a hearing on the Motion. Id., p.2 (referring to doc.23).

Plaintiff's counsel filed a timely Objection to the Recommendation of the Magistrate Judge Regarding the Prevailing Market Rate (doc.25). Counsel argues that other Districts in Alabama, and in neighboring States, have prevailing market rates which exceed the $125.00 statutory cap (doc.25, n.3). Counsel argues that "[t]his Court raised the market rate in this District from $117.00 to $125.00 in September 2001. Certainly this Court cannot believe that the 'prevailing market rate' has not increased by even one cent, i.e., to $125.01 per hour, within the last four years. If it has, the second step of Meyer [v. Sullivan, 958 F.2d 1029 (11th Cir. 1992)] must be applied." Id., p.3. Counsel presents a formula to be utilized for calculating an hourly fee which reflects the cost of living increase sought. Id., n.4. This court notes that these arguments were presented to the Magistrate Judge (docs.19, 22).

The Magistrate Judge noted Meyer, setting out the two-step analysis for determining the appropriate hourly rate to be applied (doc.24, p.7, ¶7). "The second step,... needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward... to take into account an increase in the cost of living, or a special factor." Id., at 1033-1034. As clearly noted by the Magistrate Judge, this court's prevailing market rate matches the statutory cap, obviating the need to perform the second step.

Meyer does not mandate an upward adjustment in the market rate; it simply "allows" for an adjustment for cost of living. Id., at 1034. As this court has previously noted, the cap in Social Security cases

> is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorney[ ] fee[s] awards to the taxpayers. Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988). This court's prevailing market rate meets the statutory cap. Boggs v. Massanari, C.A. No. 00-0408-P-C (S.D.Ala. (Jun. 13, 2001)); Boone v. Apfel, C.A. No. 99-0965-CB-L (S.D.Ala. (Aug. 30, 2001)) (raising the prevailing market rate for this District for Social Security cases from $117.00 to $125.00)... It is a cost of

> living increase that plaintiff's counsel is pursuing...  However, "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it... such a decision is within the discretion of the district court. " Baker, 839 F.2d at 1084 (emphasis in original).

Steele v. Barnhart, C.A. 03-0088-P-C (S.D.Ala. (July 1, 2004)).  The Magistrate Judge thoroughly presented this and more (doc.24, p.8-9, n.3).

Even so, counsel persists in pressing this court for a cost of living increase.  Counsel seeks an hourly rate of $156.07, a 20% increase in this court's prevailing market rate.  This court finds counsel's requested 20% increase in this District's prevailing market rate unreasonable. Further, this court notes that counsel's cost of living formula is flawed in that counsel utilizes the urban consumer price published by the Bureau of Labor Statistics for March 1996.  As noted, herein, the prevailing market rate in this District was adjusted from $117.00 to $125.00 in 2001.  Thus, any adjustment, if made, would have to be from 2001, not from 1996.  Therefore, counsel's Objection to the Magistrate Judge's Report and Recommendation is hereby OVERRULED.  The Report and Recommendation (doc.24), is hereby ADOPTED as the opinion of this court.

Accordingly, it is ORDERED that plaintiff be and is hereby awarded an attorney's fee in the amount of $2,187.50 under the Equal Access to Justice Act, 28 U.S.C. § 2412, representing compensation for 17.5 hours of service by counsel of record, Rose A. McPhillips, at the prevailing market rate of $125.00 per hour (17.5 hrs. x $125.00 per hr. = $2,187.50).

DONE the 17th day of October, 2005.

    S/Virgil Pittman  
    SENIOR UNITED STATES DISTRICT JUDGE